BOARD OF TRUSTEES OF MIAMI TOWNSHIP, APPELLEE, *v.* FRATERNAL ORDER OF POLICE, OHIO LABOR COUNCIL, INC., APPELLANT.

[Cite as *Miami Twp. Bd. of Trustees v. Fraternal Order of Police, Ohio Labor Council, Inc.* (1998), 81 Ohio St.3d 269.]

(No. 96–2490—Submitted November 4, 1997—Decided March 25, 1998.)

270

*Porter, Wright, Morris & Arthur, Jonathan Hollingsworth, Robert E. Portune, John J. Heron, Linda S. Holmes* and *Duane A. Boggs,* for appellee.

*Paul L. Cox, Gwen Callender* and *Gloria Sydnor,* for appellant.

---

ALICE ROBIE RESNICK, J.   The issue presented by this case is whether a labor arbitrator may review the appropriateness of the type of actual discipline that the employer imposed once the arbitrator finds that there was just cause for discipline of the employee.

An arbitrator's award must " 'draw[ ] its essence from the collective bargaining agreement.' "   *Queen City Lodge No. 69, Fraternal Order of Police, Hamilton Cty., Ohio, Inc. v. Cincinnati* (1992), 63 Ohio St.3d 403, 406, 588 N.E.2d 802, 805, quoting *United Steelworkers of Am. v. Ent. Wheel & Car Corp.* (1960), 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424, 1428.   Section 3, Article VII of the collective bargaining agreement in the case *sub judice* states:

"The Employer may not suspend, discharge or otherwise discipline employees except for just cause.   * * *

"(A) Discipline shall take into account the nature of the violation, the employee[']s record of discipline and the employee's record of performance and conduct."

In the case *sub judice,* the arbitrator found that while there was no just cause to discipline McCoy for theft in office, there was sufficient just cause to discipline him for having been untruthful.   The arbitrator then determined that the appropriate sanction would be a thirty-day suspension and "restitution" of the money he took.   (Actual restitution to the victims was impossible because the victims could not be found.)   Appellee contends that once the arbitrator determines that there was just cause to discipline an employee, the arbitrator must defer to the decision of the employer as to the type of discipline imposed. Appellant asserts that the arbitrator may review the appropriateness of the type of discipline imposed as the arbitrator did in the case at bar.

In Schoonhoven, Fairweather's Practice and Procedure in Labor Arbitration (3 Ed.1991), this exact issue is discussed:

"Disciplinary cases constitute the largest single group of cases which are brought to arbitration, and a wide variety of special remedies in such cases have been fashioned by arbitrators.   Arbitrators have noted that the contractual right of the employer to discipline and discharge employees for 'just cause' requires the arbitrators to make two determinations in considering cases:   (1) whether a cause

for discipline exists and (2) whether the amount of discipline was proper under the circumstances. For example, Arbitrator Burton B. Turkus explained:

" 'In applying the test of "just cause" the arbitrator is generally required to determine two factors: (a) has the commission of the misconduct, offense or dereliction of duty, upon which the discipline administered was grounded, been adequately established by the proof; and (b) if proven or admitted, the reasonableness of the disciplinary penalty imposed in the light of the nature, character and gravity thereof—for as frequently as not the reasonableness of the penalty (as well as the actual commission of the misconduct itself) is questioned or challenged in arbitration.

" 'In the absence of contract language expressly prohibiting the exercise of such power, the arbitrator, by virtue of his authority and duty to fairly and finally settle and adjust (decide) the dispute before him, has the inherent power to determine the sufficiency of the cause and the reasonableness of the penalty imposed.' " *Id.* at 327, quoting *Great Atlantic & Pacific Tea Co.* (1962), 63–1 Labor Arbitration Awards, ¶ 8027, at 3090. See, also, Volz & Goggin, Elkouri & Elkouri: How Arbitration Works (5 Ed.1997) 886–888.

We agree with this reasoning. As this court noted in *Queen City Lodge,* "[t]he parties to a collective bargaining agreement can not anticipate every possible breach of the agreement that may occur during its life and then write an appropriate remedy for each such situation into the agreement. This fact does not, however, preclude an arbitrator from awarding a remedy." *Queen City Lodge,* 63 Ohio St.3d at 405, 588 N.E.2d at 804. Specific to the case at bar, the parties cannot anticipate the type of discipline appropriate to every possible infraction, and thus without further instruction from the collective bargaining agreement, the arbitrator must be able to review the type of discipline. Accordingly, we hold that where an arbitrator's decision draws its essence from the collective bargaining agreement, and in the absence of language in the agreement that would restrict such review, the arbitrator, after determining that there was just cause to discipline an employee, has the authority to review the appropriateness of the type of discipline imposed.

In the case *sub judice,* the collective bargaining agreement does not prevent the arbitrator from reviewing the appropriateness of the type of discipline imposed. The only stated restriction is that "[t]he arbitrator shall have no power to add to, subtract from, or change any of the provisions of this Agreement." In fact, the agreement invites review by stating that "[d]iscipline shall take into account the nature of the violation, the employee[']s record of discipline and the employee's record of performance and conduct." Under this provision, the type of discipline is not automatic for a particular offense.

Having held that unless otherwise restricted by the collective bargaining agreement, the arbitrator has the authority to review the type of discipline imposed, we now proceed to consider whether the decision of the arbitrator was indeed appropriate. In *Queen City Lodge,* we set forth the proper standard of review a court must use when evaluating an arbitrator's decision:

"The arbitrator's award will not be vacated so long as the award 'draws its essence from the collective bargaining agreement.' *United Steelworkers of America v. Ent. Wheel & Car Corp.* (1960), 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424, 1428; *Ohio Office of Collective Bargaining v. Ohio Civil Service Employees Assn., Local 11, AFSCME, AFL–CIO* (1991), 59 Ohio St.3d 177, 179, 572 N.E.2d 71, 73; *Goodyear Tire & Rubber Co. v. Local Union No. 200* (1975), 42 Ohio St.2d 516, 71 O.O.2d 509, 330 N.E.2d 703, paragraph one of the syllabus, certiorari denied (1975), 423 U.S. 986, 96 S.Ct. 393, 46 L.Ed.2d 303.

"Additionally, R.C. 2711.10(D) guides us, because that statute allows an arbitrator's award to be vacated when the arbitrator has exceeded his or her powers. For our purposes, the converse is also true—if the arbitrator has *not* exceeded his or her powers, the award should not be vacated or modified, absent any of the other circumstances in R.C. 2711.10 and 2711.11 (such as corruption, fraud, misconduct, partiality, or material mistake).

"An arbitrator has broad authority to fashion a remedy, even if the remedy contemplated is not explicitly mentioned in the labor agreement. See *General Tel. Co. of Ohio v. Communications Workers of America, AFL–CIO* (C.A.6, 1981), 648 F.2d 452, 456–457; *United Steelworkers v. Enterprise Wheel, supra,* 363 U.S. at 597, 80 S.Ct. at 1361, 4 L.Ed.2d at 1428. Once the arbitrator has made an award, that award will not be easily overturned or modified. It is only when the arbitrator has overstepped the bounds of his or her authority that a reviewing court will vacate or modify an award." (Emphasis *sic.*) *Queen City Lodge,* 63 Ohio St.3d at 406–407, 588 N.E.2d at 805.

In the case *sub judice,* we find that the arbitrator's decision draws its essence from the collective bargaining agreement. The arbitrator determined that because the board of trustees did not consider McCoy's past disciplinary and work records, his voluntary disclosure of the incidents, his feelings of guilt and remorse over the incidents, and his apparent dedication to being truthful and honest in the future, the board of trustees did not properly "take into account the nature of the violation, the employee[']s record of discipline and the employee's record of performance and conduct." This decision is based on the language and requirements of the collective bargaining agreement itself, and therefore the arbitrator has not exceeded his powers.

Upon our review of the record, we also find that the discipline the arbitrator actually imposed is consistent with the collective bargaining agreement. The

arbitrator found that because McCoy did not admit the incidents until he faced the polygraph examination and continued to be evasive about them afterward, there was just cause for some kind of discipline, which he found to be a thirty-day suspension and restitution in the amount of two hundred dollars. Moreover, we do not find, as did the court of appeals, any evidence of partiality on the part of the arbitrator. R.C. 2711.10(B). We find that the arbitrator's award draws its essence from the collective bargaining agreement and is not arbitrary, capricious, or unlawful, and therefore we will not, in this situation, "substitute our judgment for that of the arbitrator." *Queen City Lodge,* 63 Ohio St.3d at 407, 588 N.E.2d at 806; *Mahoning Cty. Bd. of Mental Retardation & Developmental Disabilities v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 22 OBR 95, 488 N.E.2d 872, paragraph one of the syllabus.

Accordingly, the judgment of the court of appeals is reversed, and the judgment of the trial court is reinstated.

*Judgment reversed.*

DOUGLAS, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

---

**MOYER, C.J., dissenting.** I concur in the syllabus, but I respectfully dissent from the judgment because I do not agree that the decision of the arbitrator draws its essence from the collective bargaining agreement.

A review of arbitrator Peter Florey's award indicates a consideration of the employee's "deep guilt," his "confession of sin," and his "change in personality" in his decision to modify the disciplinary action imposed by the employer. The collective bargaining agreement, by contrast, required only that "[d]iscipline shall take into account the nature of the violation, the employee[']s record of discipline and the employee's record of performance and conduct."

Had the arbitrator considered the above language of the agreement, the nature of the violation itself—admitted police officer thievery—compels the conclusion that termination was the proper discipline imposed. A police officer must "keep his or her activities above suspicion both on and off duty." *Jones v. Franklin Cty. Sheriff* (1990), 52 Ohio St.3d 40, 44, 555 N.E.2d 940, 945.

Contrary to the conclusion of the majority, the board of trustees was not allowed to consider the employee's admissions, his guilt over his indiscretions, or his conversion of faith. The collective bargaining agreement allowed the board, and the arbitrator, to consider only the "nature of the violation, the employee[']s record of discipline and the employee's record of performance and conduct."

Given the reliance of the arbitrator on other factors and his failure to specifically address the factors listed in the agreement, his modification of discipline clearly "could not be rationally derived from the terms of the agreement." *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emp. Assn., Local 11, AFSCME, AFL–CIO* (1991), 59 Ohio St.3d 177, 183, 572 N.E.2d 71, 76. As there is no "rational nexus between the agreement and the award," the essence of the arbitrator's decision cannot have been drawn from the collective bargaining agreement. *Mahoning Cty. Bd. of Mental Retardation & Developmental Disabilities v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 22 OBR 95, 488 N.E.2d 872, paragraph one of the syllabus.

Accordingly, I respectfully dissent from the judgment.

COOK and LUNDBERG STRATTON, JJ., concur in the foregoing dissenting opinion.