DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Lorain City School District Board of Education appeals from a judgment in the Lorain County Court of Common Pleas denying appellant's motion to vacate the arbitrator's award and granting appellee Lorain Educational Association's motion to confirm the award in this matter. This Court affirms.
During the 1998-99 school year, appellant employed Joann Dakos as a teacher under a one-year limited teaching contract pursuant to R.C.3319.11. On April 26, 1999, appellant resolved not to renew Dakos' limited teaching contract for the 1999-00 school year, and hand delivered her its written decision. Dakos requested and received a "written statement of circumstances" pursuant to R.C. 3319.11(G).
Dakos then requested a hearing pursuant to R.C. 3319.11(G). Appellant affirmed its decision not to renew Dakos' limited teaching contract. Dakos was notified that appellant affirmed the non-renewal of her limited teaching contract. At the time this controversy arose, appellant and appellee were parties to a collective bargaining agreement ("Agreement"), effective June 30, 1998, through August 31, 2001.
Pursuant to procedures outlined in the Agreement, appellee on behalf of Dakos, filed a grievance alleging a violation of Article XXII, Section 22.03. The matter was then submitted to arbitration solely to determine whether the grievance filed by appellee on behalf of Dakos was arbitrable. The arbitrator issued an opinion and award declaring that the grievance was arbitrable. Appellant filed a motion to vacate the arbitrator's decision in the Lorain County Court of Common Pleas. The lower court confirmed the arbitration award. Appellant then appealed to this Court.
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED BY FAILING TO VACATE THE ARBITRATION AWARD ISSUED BY ARBITRATOR ROBERT STEIN ("ARBITRATOR") ON JANUARY 25, 2000[,] AND BY GRANTING THE MOTION TO CONFIRM THE ARBITRATOR'S AWARD.
Appellant argues that the common pleas court applied the wrong standard of review and erred when it did not vacate the arbitrator's award because the arbitrator had exceeded his authority by granting an award that conflicted with the express terms of the Agreement. Appellant claims that the arbitrator misapplied the express language of the Agreement and, in a sense, unilaterally added terms not previously agreed upon by the parties. In turn, appellee claims that the common pleas court properly confirmed the arbitrator's award.
In reviewing an arbitrator's award, courts of common pleas are bound by R.C. 2711.10, which provides:
 In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
* * *
 (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
In Queen City Lodge No. 69, Fraternal Order of Police, Hamilton Cty.,Ohio, Inc. v. Cincinnati (1992), 63 Ohio St.3d 403, 406, the Ohio Supreme Court restated the proper standard of review a court must use when evaluating an arbitrator's decision: "The arbitrator's award will not be vacated so long as the award `draws its essence from the collective bargaining agreement.'" (Citations omitted.) See, also, MiamiTwp. Bd. of Trustees v. Fraternal Order of Police, Ohio Labor Council,Inc. (1998) 81 Ohio St.3d 269, 273. An award draws its essence from a collective bargaining agreement where there is a rational nexus between the agreement and the award. Mahoning Cty. Bd. of Mental Retardation v.Mahoning Cty. TMR Edn. Assn. (1986), 22 Ohio St.3d 80, 84. In reaching its decision, the reviewing court is not to engage in a review of the arbitrator's findings of fact or interpretation of the contract. Goodyearv. Local Union, No. 200 (1975), 42 Ohio St.2d 516, 520. The arbitrator in this case analyzed the positions of both appellant and appellee in reaching his decision. It is not for the trial court, or for this Court, to review the arbitrator's reasoning.
The sole issue for the arbitrator to decide was whether the grievance filed by appellee on behalf of Dakos was timely filed. The arbitrator reviewed the grievance procedures found in Article XXIV of the Agreement and determined that the grievance was timely. The arbitrator also examined Article XXII, Section 22.03 of the Agreement, which discusses the procedure for non-renewals. The arbitrator concluded that in order for Dakos to effectively pursue the grievance procedure, she would need to know the basis for the non-renewal decision. He noted that the grievance procedure would have been frustrated without proper information being shared with the teacher regarding the cause for non-renewal. Therefore, the arbitrator determined that the time limits set forth in Article XXIV, Sections 22.03 and 22.05 did not begin to run until the grievant had exhausted the measures found in Article XXII, Section 22.03 of the Agreement.
The trial court needed only to look at whether the arbitrator's award drew its essence from the Agreement. The trial court found that there existed a rational nexus between the arbitrator's award and his analysis of the Agreement and that the award drew its essence from the Agreement. Here, the court of common pleas concluded that the arbitrator had not exceeded his authority and affirmed his award. This Court agrees with the conclusion of the lower court.
It matters not that were this Court to decide the matter, we would have found that Dakos' grievance was untimely. In reviewing an arbitration award, a court cannot substitute its own judgment for that of the arbitrator. Goodyear, supra, at 529. Given our limited scope of review, this Court is compelled to affirm.
Appellant's sole assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P. J., CONCURS.
WHITMORE, J., DISSENTS.