OPINION
{¶ 1} Defendant-appellant City of Marion, Ohio ("the City") brings this appeal from the judgment of the Court of Common Pleas of Marion County granting summary judgment in favor of plaintiff-appellee International Association of Firefighters, Local 379 ("the Union").
 {¶ 2} In September of 1999, the City changed health insurance companies when the company set forth in the collective bargaining agreement ("CBA") could no longer provide coverage. The change resulted in a difference in some areas of coverage. Pursuant to the grievance and arbitration procedures set forth in the CBA, a grievance was filed and the matter went to binding arbitration. After reviewing all of the evidence, the arbitrator issued his opinion on August 25, 2000. The opinion stated in pertinent part as follows.
 The evidence presented indicates that there have been a number of changes in the insurance coverage's under the United HealthCare Plan which increased the cost above the level of insurance coverage's above the level set out in Article 29 of the Agreement. Since the City failed to continue the current levels of insurance coverage's from September 1, 1999 until the end of the Agreement, the City is hereby directed to reimburse the members of [the Union] for any additional costs they incurred from September 1, 1999 until the parties reached a new Agreement. The amount reimbursed to the members of [the Union] should also reflect any reduction in the cost of medical care provided under the United HealthCare Plan.
 * * *
 The City is directed to reimburse the grievant and the members of [the Union] for any additional medical costs incurred under the United HealthCare Plan, less any reduction in the cost of medical care under the United HealthCare Plan for similar medical services.
Arbitration Award, 8-9.
 {¶ 3} After receiving the arbitration award, the City attempted to recover reimbursement from members of the Union for any reductions in cost for the health insurance. The City also ordered that any members seeking reimbursement must apply within 30 days of the award, which was not required by either the CBA or the arbitrator's award. The Union objected to this interpretation of the arbitration award. The City then unilaterally sent a letter to the arbitrator requesting clarification of the award. No notice of this letter was given to the Union prior to its being sent. The arbitrator gave the following answer to the City's request.
 The language of the Arbitrator's Award was intended to take into consideration the changes which are set out in Paragraph #3 of Mr. Osborn's letter. Prior to the change from HealthFirst to United HealthCare some of [the Union] members might have used the services of physicians who were not covered within the HealthFirst network. If the services of such physicians are now covered under the Untied HealthCare network, [the Union] members will have realized a reduction in the cost of medical care. This amount should be deducted from any additional medical costs incurred under the United HealthCare Plan for similar medical services.
 In essence, it was the intent of the Arbitrator to assure that [the Union] members would have the same medical coverage at the same cost under the United HealthCare Plan as they had under the HealthFirst Plan. Therefore, if [the Union] members incurred additional costs for the same services, they should seek reimbursement from the City. On the other hand, if the same level of coverage cost a [Union] member less under the new plan, then the City should seek reimbursement from [the Union] member.
December 30, 2000, letter.
 {¶ 4} On August 8, 2001, the Union filed a complaint to confirm the arbitration award and for declaratory judgment as to the meaning of the award. On August 31, 2001, the City filed its answer and a counterclaim for confirmation of the arbitration and for declaratory judgment as to the meaning of the award. The Union filed a motion for summary judgment on February 1, 2002. The City filed its answer on March 14, 2002, and also filed its own motion for summary judgment. On December 30, 2002, the trial court confirmed the award and granted summary judgment to the Union as to the intent of the arbitrator when the award was granted. It is from this judgment that the City appeals and raises the following assignment of error.
 [The trial court] committed error in its interpretation of the arbitrator's award by finding [the City] cannot seek reimbursement from [the Union] members who received health care services at a lesser cost under a new health care plan.
 {¶ 5} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. Franks v. The Lima News (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189. However, the nonmoving party must present evidence on any issue for which it bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
 {¶ 6} When reviewing an arbitration award, the reviewing court may not substitute its judgment for that of the arbitrator. Miami Twp. Bd. OfTrustees v. Fraternal Order of Police (1998), 81 Ohio St.3d 269,690 N.E.2d 1262. Courts may vacate or modify an arbitration award only if the statutory requirements are met. Portsmouth v. Ohio Council 8, Am.Fedn. of State, Cty, Mun. Emp. (2001), 141 Ohio App.3d 423,751 N.E.2d 536. Thus, the trial court is bound by the award unless it exceeds the authority of the arbitrator. R.C. 2711.10.
 {¶ 7} In support of its argument, the City relies upon the letter provided by the Arbitrator after the arbitration award was finalized. This court notes that the letter is the result of an ex parte request by the City for clarification[1] and is not a part of the arbitration award. However, the request by the City in the letter was for the arbitrator to determine whether the Union members had to reimburse the City for any reduction in expenses for insurance. This issue was not part of the original grievance and was not raised prior to the grievance hearing. By the terms of the CBA, issues not raised before the hearing shall not be addressed by the arbitrator.
 The arbitrator shall expressly confine himself to the precise issue submitted for arbitration and shall have no authority to determine any other issues not so submitted to him. The arbitrator shall be without authority to determine another issue not so submitted to him.
 CBA § 14.4, 18. The issue of reimbursement by the members to the City was not before the arbitrator, thus, he had no authority to issue an opinion on it. The letter exceeds the authority of the arbitrator as granted by the CBA and cannot be considered as part of the award.
 {¶ 8} The language of the arbitration award specifies that the City shall reimburse the Union members for additional costs. The award provides that the City may set off any savings by the member when reimbursing for the additional costs. This is done to assure the member the same position he or she would have occupied had the insurance plan not been changed. However, the award does not provide for the City to receive any reimbursement for savings by a member absent a request for reimbursement by that member. That is a separate issue that was not before the arbitrator. Thus, the trial court did not err in granting summary judgment to the Union. The assignment of error is overruled.
 {¶ 9} The judgment of the Court of Common Pleas of Marion County is affirmed.
Judgment affirmed.
 WALTERS and CUPP, JJ., concur.
[1] The Union provided an affidavit that they had no knowledge of the City's letter until they received a copy of the arbitrator's answer. In addition, the letter of the arbitrator states that it is being written in response to a request by the City.