O’Connor, C.J.,
dissenting.
{¶ 30} I dissent. I would hold that this court improvidently accepted the discretionary appeal and would dismiss the cause.
{¶ 31} We accepted the following proposition of law: “Any limitation on an arbitrator’s ability to review and modify disciplinary action under the ‘just cause’ standard must be specifically bargained for by the parties and contained within the four corners of the collective bargaining agreement.” See 144 Ohio St.3d *727 1475, 2016-Ohio-467, 45 N.E.3d 243. I dissented from the decision to accept jurisdiction. And after consideration of the parties’ briefs and oral argument, it is even more clear that we accepted the appeal in error. Appellants, David Hill and the Ohio Patrolmen’s Benevolent Association (“OPBA”), ask us only to interpret a contract based on well-settled contract law. Moreover, appellants ask us to do so on a record that contains very little evidence.
{¶ 32} In their merit brief, appellants admit that “the Eighth District correctly recited the applicable law and properly framed the issue in dispute between the parties,” before asking us to correct an error they perceive in the court of appeals’ application of that law: the finding that the arbitrator exceeded his authority under the collective-bargaining agreement (“CBA”) between the OPBA and appellee, the city of Findlay, by fashioning a remedy outside of the city’s discipline matrix. The crux of appellants’ argument is that the discipline matrix had not been incorporated into the CBA and thus did not limit the arbitrator’s authority to fashion a remedy.
{¶ 33} Appellants are correct that the law is already clear on the issues inherently raised in their proposition. The Ohio Constitution charges us to exercise our discretionary jurisdiction in “cases of public or great general interest,” Article IV, Section 2(B)(2)(e), and this case presents neither. As a court of last resort, it is not our role to consider allegations that a lower court has erred in applying established law but, rather, to set forth legal interpretations to guide the lower courts. See State v. Noting, 136 Ohio St.3d 163, 2013-Ohio-1764, 992 N.E.2d 1095, ¶ 63 (O’Donnell, J., dissenting) (“[W]e are not an error-correcting court; rather, our role as the court of last resort is to clarify confusing constitutional questions, resolve uncertainties in the law, and address issues of public or great general interest * * *. Significantly, appellate courts consider assignments of error, while this court considers propositions of law. The two are materially and substantively different”).
{¶ 34} We have previously interpreted the law at issue in this case and have held that “ ‘[t]he arbitrator is confined to the interpretation and application of the collective bargaining agreement, and although he may construe ambiguous contract language, he is without authority to disregard or modify plain and unambiguous provisions.’ ” Office of Collective Bargaining v. Ohio Civil Serv. Emps. Assn., Local 11, AFSCME, AFL-CIO, 59 Ohio St.3d 177, 180, 572 N.E.2d 71 (1991), quoting Detroit Coil Co. v. Internatl. Assn. of Machinists & Aerospace Workers, Lodge No. 82, 594 F.2d 575, 579 (6th Cir.1979). It is also well settled that “[wjhere an arbitrator’s decision draws its essence from the collective bargaining agreement, and in the absence of language in the agreement that would restrict such review, the arbitrator, after determining that there was just cause to discipline an employee, has the authority to review the appropriateness *728 of the type of discipline imposed.” Miami Twp. Bd. of Trustees v. Fraternal Order of Police, Ohio Labor Council, Inc., 81 Ohio St.3d 269, 690 N.E.2d 1262 (1998), syllabus. Any further legal pronouncements are unnecessary, and we should not entertain the invitation to consider whether a lower court incorrectly applied settled law.
{¶ 35} But even if the law were unsettled, this case is not a proper vehicle to address the proposition. The record lacks sufficient evidence to enable this court to determine whether the discipline matrix was incorporated into the CBA. Although counsel for appellants argued in her opening statement at the arbitration hearing that “this so-called matrix * * * is not a part of any collective bargaining agreement,” appellants offered no testimony to support that assertion. However, one of the city’s witnesses testified that the union had used the matrix to negotiate a reduction in the disciplinary action imposed in another officer’s case and that Hill actually had helped negotiate the matrix, a fact that he did not dispute.
{¶ 36} Moreover, Hill previously used the discipline matrix to his advantage. In an earlier arbitration involving Hill, the arbitrator reduced Hill’s discipline from a 30-day suspension to a 10-day suspension, finding that the matrix permitted only a 10-day suspension. The arbitrator in the prior case noted that “[although the Union asserted at the hearing that it never agreed to the City’s Discipline Matrix, * * * the record in this case is not sufficiently developed as it concerns a challenge to the reasonableness of the matrix itself, as opposed to its application in this case.” The arbitrator of the present grievance assumed that the matrix was applicable but had reduced the recommended disciplinary action because he found that the city failed to prove all its allegations against Hill and had failed to establish that it was justified in terminating him.
{¶ 37} Although the record lacks any testimony that the discipline matrix had been incorporated into the CBA, it is also devoid of testimony that it had not been. The majority nevertheless bases its decision on this issue that was not litigated below.
{¶ 38} Finally, the majority’s conclusion that “[a]ny limitation on an arbitrator’s authority to modify a disciplinary action pursuant to a CBA provision requiring that discipline be imposed only for just cause must be specifically bargained for by the parties and incorporated into the CBA,” majority opinion at ¶ 29, is overbroad and may have unintended consequences. This conclusion violates at least one longstanding tenet of labor law: “[t]he labor arbitrator’s source of law is not confined to the express provisions of the contract, as the industrial common law—the practices of the industry and the shop—is equally a part of the collective bargaining agreement although not expressed in it,” United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 581-582, 80 S.Ct. 1347, 4 *729 L.Ed.2d 1409 (1960); see also Assn. of Cleveland Fire Fighters, Local 93 of the Intl. Assn. of Fire Fighters v. Cleveland, 99 Ohio St.3d 476, 2003-Ohio-4278, 793 N.E.2d 484, ¶ 16, 19 (recognizing that past practice may be binding on parties to a CBA in certain circumstances, even when the practice is not set forth in the CBA). By acceding to appellants’ proposition that “[a]ny limitation on an arbitrator’s ability to review and modify disciplinary action under the ‘just cause’ standard must be specifically bargained for by the parties and contained within the four corners of the collective bargaining agreement,” the majority opinion may prevent an employer from relying on past practice as the basis for a disciplinary action.
Joseph M. Hegedus and Daniel J. Leffler, for appellants.
Allain Legal, Ltd., William F. Schmitz, and Eric M. Allain, for appellee.
Paul L. Cox, urging reversal for amicus curiae Fraternal Order of Police of Ohio, Inc.
R. Brian Moriarty and Marisa L. Serrat, urging reversal for amici curiae Cleveland Police Patrolmen’s Association, Toledo Police Patrolman’s Association, and Dayton Fraternal Order of Police Lodge 44.
Greg Gordillo, urging reversal for amicus curiae Ohio Employment Lawyers Association.
{¶ 39} Past practice may be binding, even if it is not set forth in a CBA, and could limit an arbitrator’s ability to modify a disciplinary action. For instance, an employer may claim that it disciplined an employee according to its uncontested practice of imposing the same disciplinary action for a similar violation over a period of years. Under the majority opinion, even if the employer establishes a past practice, the arbitrator could modify the discipline if the employee shows that the practice had not been specifically bargained for and incorporated into the CBA, upending labor law that has been settled for decades. Without the development of facts regarding the full extent of the terms of the CBA here, the majority creates an unnecessary rule to reach a particular result.
{¶ 40} For these reasons, I respectfully dissent and would hold that the discretionary appeal was improvidently accepted.