**SOCIETY BANK, N.A., Appellant,**

v.

**CAZEAULT et al.; Cazeault, Appellee.**

[Cite as *Soc. Bank, N.A. v. Cazeault* (1993), 83 Ohio App.3d 84.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1001.

Decided March 2, 1993.

*Baran, Piper, Tarkowsky & Fitzgerald Co.* and *Bruce A. Curry; Weltman, Nalepka, Weinberg & Associates* and *Paul Nalepka,* for appellant.

*Legal Aid Society of Columbus* and *Leslie Varnado, Jr.,* for Bernard Cazeault.

*Hyslop & Hyslop* and *Jean F. Hyslop,* for appellee Margaret M. Cazeault.

---

WHITESIDE, Judge.

Plaintiff-appellant, Society Bank, N.A. ("Society Bank"), appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendant-appellee Margaret M. Cazeault ("Margaret") upon both Society Bank's claim and upon Margaret's counterclaim and raises a single assignment of error, as follows:

"The trial court erred as a matter of law in entering summary judgment in favor of defendant Margaret M. Cazeault and against plaintiff Society Bank, N.A."

By an instrument dated April 30, 1990, Society Bank financed the purchase by Bernard and Margaret Cazeault of a 1990 Chevrolet Beretta and acquired a security interest in the vehicle, the amount financed being $14,487.14 payable in sixty-six payments of $304.99.

The Cazeaults became estranged, and Margaret made the loan payments through October 1991, at which time Bernard ceased making court-ordered child support and court-ordered contribution toward the marital home mortgage payment. Margaret contacted Society Bank and informed it of her financial situation and stated that she was visiting her in-laws in Topeka, Kansas, but could not fully meet the November payment. Society Bank permitted her to make a one-time reduced payment in the sum of $145 for November 1991. In December 1991, Society Bank sent a notice to Margaret at both her home address and her in-laws' address and demanded a double payment, which Margaret was unable to make. On December 30, 1991, Society Bank caused the repossession of the automobile from the property of Margaret's in-laws and then filed suit against the Cazeaults on the note on January 22, 1992. The automobile was sold at public auction on January 28, 1992. Bernard failed to answer Society Bank's action, and a default judgment was taken against him.

Defendant-appellee Margaret Cazeault filed an answer and counterclaim, alleging that Society Bank's repossession disposition of the collateral (the 1990 Chevrolet Beretta) was not made in a commercially reasonable manner and failed to comply with the requirements of R.C. 1309.44 to 1309.50. Margaret also sought damages pursuant to R.C. 1309.50 and for conversion. She further alleged that Society Bank failed to comply with the requirements of R.C.

1309.47(C) as to notice and, accordingly, is barred from recovering a deficiency judgment.

Margaret filed a motion for summary judgment. The trial court sustained the motion for summary judgment, finding that Society Bank had failed to comply with the notice requirements of R.C. 1309.47(C) and, accordingly, was precluded from obtaining a deficiency judgment. Subsequently, a damage hearing was held before a referee of the trial court to ascertain damages pursuant to R.C. 1309.50(A) upon Margaret's counterclaim. The trial court adopted the referee's findings and recommendation and awarded Margaret judgment on her counterclaim in the amount of $7,094.41.

Summary judgment was determined upon the pleadings, Society Bank's response to interrogatories, and its production of documents in accordance with a request of Margaret. The interrogatory responses indicate that the security (the 1990 Chevrolet Beretta) was repossessed at 1310 Plass Rd., Southwest Topeka, Kansas, on or about December 30, 1991, by unknown agents of Automobile Recovery, Inc., of Kansas City, Missouri. The collateral was sold on January 28, 1992, at Metro Auto Auction of Kansas City, Inc., 101 West Oldham Parkway, Lees Summit, Missouri 64081, and was purchased by Mel Finke Deteau Chevy Geo of Lincoln Nebraska for a price of $8,000. Originally, the interrogatory responses indicated that the sale was a public auction, but later the interrogatory responses were supplemented to indicate that the sale was by private sale.

Society Bank sent a single notice in attempted compliance with the notice requirements of R.C. 1309.47, addressed not to the Hilliard, Ohio address shown on the note but, instead, to the address at which the automobile was repossessed, 1310 Plass Road, Topeka, Kansas 66604. This certified mail notice was returned unclaimed. Margaret, however, raises no issue with respect to the address to which the notice was sent but, instead, relies upon the failure of the notice to meet the requirements of R.C. 1309.47(C) in that it stated, as follows: "The sale will be held on 01/28/92 at 10:30 a.m. at Metro Auto Auction of Kansas City, Inc., 101 West Oldham Pkwy, Lees Summi."

Society Bank now admits that the address is incomplete and should be "101 West Oldham Parkway, Lees Summit, Missouri 64081." In sustaining the motion for summary judgment, the trial court stated in part:

"In the present case, the plaintiff's notice does not contain a reasonably precise designation of the place where the auction was to be held. The address given, '101 West Oldham Pkwy, Lees Summi,' is both unclear and confusing. Apparently Lees Summi is a suburb of Kansas City, Missouri. In reading the notice, a reasonable person could not ascertain whether Lees Summi was a part of a street address or the town where 101 West Oldham Pkwy is located. Furthermore, because the defendant was visiting or residing in Kansas, it would have been

logical for the defendant to assume that a sale was being conducted in Kansas City, Kansas, not Kansas City, Missouri."

R.C. 1309.47(C) provides in pertinent part:

"Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts.  * * * [R]easonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor if he has not signed after default a statement renouncing or modifying his right to notification of the sale.  * * * "

██ The initial issue is whether the notice given (even though undelivered) met the requirement of R.C. 1309.47 that reasonable notification be given of the place of the sale.  As indicated above, the trial court found that the notification given was not reasonable as to the place of the sale.  We agree.  The purpose of the notification requirement of R.C. 1309.47(C) is to afford the debtor an opportunity to redeem the collateral (R.C. 1309.49) or to monitor or participate in the sale or encourage others to do so.  See *Umbaugh Pole Bldg. Co. v. Scott* (1979), 58 Ohio St.2d 282, 12 O.O.3d 279, 390 N.E.2d 320.  Actual receipt of the notice is not required.  A creditor complies sufficiently with R.C. 1309.47 if it takes reasonable steps to notify the debtor of the intention to resell repossessed collateral.  *Ford Motor Credit Co. v. Potts* (1989), 47 Ohio St.3d 97, 548 N.E.2d 223; *BancOhio Natl. Bank v. Freeland* (1984), 13 Ohio App.3d 245, 13 OBR 298, 468 N.E.2d 941; and *Huntington Bank v. Freeman* (1989), 53 Ohio App.3d 127, 560 N.E.2d 251.

Here, we agree with the trial court that the vague address of the place of the sale given on the notice was insufficient to give reasonable notification as to the place of the sale.  First, the automobile was repossessed in Topeka, Kansas. Society Bank now points out that the sale was to take place in a different state, Missouri, not in Lees Summi (as set forth in the notice) but instead in Lees Summit, Missouri, which apparently is a suburb of Kansas City, Missouri. Notification does not satisfy the reasonable notice requirement of R.C. 1309.47(C) if it fails to reveal that the sale is to take place in a state different from that in which the automobile was repossessed, that of the debtor's place of residence as indicated on the note and that in which the office of the creditor is located.  In other words, Society Bank's offices and Margaret's last-known residence address were both in Ohio.  The vehicle was repossessed in Kansas where Margaret at least temporarily resided.  The sale was held in Missouri.  Society Bank contends that the name of the resale agent would place the debtor on notice, the name being "Metro Auto Auction of Kansas City, Inc."  However, this would constitute no notice that the sale was to take place in Missouri rather than

Kansas, the state in which the automobile was repossessed since there is a Kansas City, Kansas.

■ The fact that the notice was never delivered to Margaret but was returned unclaimed does not vary the result. Proper notice must be given, and, if sent to the proper address, the defendant will not be heard to complain that it was not delivered. However, this does not excuse the creditor from compliance with the reasonable notice requirements of R.C. 1309.47(C) as to the content of the notice. This is especially true here since the notice was not sent to Margaret's residence address in Hilliard, Ohio, but, instead, was mailed to a temporary address in Topeka, Kansas, and was not delivered. Society Bank presented no evidence of any reasonable expectation of delivery in Topeka, Kansas, although Margaret apparently concedes that she was there at the time of the repossession. See *Huntington Natl. Bank v. Stockwell* (1983), 10 Ohio App.3d 30, 10 OBR 38, 460 N.E.2d 303.

Accordingly, the trial court reached the only possible conclusion that could reasonably be reached from the facts and circumstances presented. Plaintiff did not give the notice required by R.C. 1309.47(C).

Society Bank raises no issue with respect to the application of R.C. 1309.50(A), which provides in pertinent part that:

" * * * [T]he debtor * * * has a right to recover from the secured party any loss caused by a failure to comply with the provisions of sections 1309.44 to 1309.50, inclusive, of the Revised Code. If the collateral is consumer goods, the debtor has a right to recover in any event an amount not less than the credit service charge plus ten per cent of the principal amount of the debt or the time price differential plus ten per cent of the cash price."

The court's judgment for Margaret was in the amount provided by R.C. 1309.50(A). Since no issue has been raised with respect thereto, the judgment will be affirmed in its entirety since the assignment of error has no merit with respect to the trial court's application of R.C. 1309.47(C). See *Liberty Bank v. Greiner* (1978), 62 Ohio App.2d 125, 16 O.O.3d 291, 405 N.E.2d 317, and *Trustcorp. Bank of Ohio v. Lytten* (1990), 68 Ohio App.3d 208, 587 N.E.2d 954.

■ Margaret has filed a motion for attorney fees alternatively pursuant to App.R. 23 or R.C. 2505.35. We find the motion well taken with respect to application of R.C. 2505.35 since this court is unable to find just cause for the appeal. The circumstances were clear, and the evidence construed most strongly in favor of Society Bank permitted only a conclusion that Society Bank had failed to comply with the notice requirements of R.C. 1309.47(C) as to the place where the sale would occur. There has been no reasonable contention advanced as to

why the trial court's determination was incorrect. Accordingly, attorney fees are awarded in the maximum amount permitted by R.C. 2505.35, namely, $250.

For the foregoing reasons, the assignment of error is overruled, the judgment of the Franklin County Court of Common Pleas is affirmed, and attorney fees in the amount of $250 are awarded to defendant-appellee Margaret Cazeault, pursuant to R.C. 2505.35, the court being unable to find just cause for appeal.

*Judgment affirmed and motion*
*for attorney fees sustained.*

PETREE and DESHLER, JJ., concur.