DECISION AND JUDGMENT ENTRY
The City of Portsmouth appeals the Scioto County Court of Common Pleas' denial of its application to vacate or modify a final and binding arbitration award. The trial court determined that the arbitration award was legal and proper. Portsmouth contends that the trial court erred in making this finding and confirming the award. Specifically, Portsmouth contends that the trial court erred in failing to find that: (1) the arbitrator made a material miscalculation, (2) the arbitrator ruled upon a matter not submitted to him, and (3) the arbitrator exceeded or imperfectly executed his powers. Because the record reveals that the arbitration award draws its essence from the collective bargaining agreement and is not contrary to the collective bargaining agreement, we find that the trial court correctly determined that the arbitration award was legal and proper. However, because we find that Portsmouth raised a unique argument regarding the interpretation of the collective bargaining agreement, Portsmouth did not bring this appeal without just cause. Therefore, we deny the request of the International Association of Firefighters, Local 512 ("the Union") to assess attorney fees against Portsmouth pursuant to R.C. 2505.35. We affirm the judgment of the trial court.
 I.
In 1996, James Staten retired from his employment as a Portsmouth firefighter. Just prior to his retirement, Staten filed a grievance through the Union, stating that the figures provided by the Portsmouth Auditor's Office for Staten's severance payment reflected only fifty percent, rather than one hundred percent, of the sick time he accrued prior to July 1, 1981. Pursuant to the Union's collective bargaining agreement with Portsmouth, Staten should have received one hundred percent of the sick time he accrued prior to July 1, 1981. Upon exhausting the grievance procedures outlined in the collective bargaining agreement, the Union and Portsmouth submitted the matter for a final and binding arbitration.
The parties stipulated that the issues before the arbitrator were: (1) whether Staten timely filed his grievance, and (2) whether Portsmouth violated Article 17 of the 1994-1996 Collective Bargaining Agreement when it paid Staten his severance. The arbitrator determined that Staten timely filed his grievance, and Portsmouth neither contested that finding in the trial court nor raises it on appeal.
In their arguments before the arbitrator regarding whether Portsmouth violated Article 17 of the collective bargaining agreement, the parties agreed that Staten accumulated 154.5 sick leave days prior to July 1, 1981. The Union demonstrated that Portsmouth calculated the number of sick leave hours Staten had accumulated by multiplying 154.5 by the number of hours in a typical fire fighter's shift, twenty-four. Portsmouth then paid Staten for only fifty percent of those hours, despite the fact that Article 17 of the collective bargaining agreement entitles Staten to wages based on one hundred percent of his accumulated sick leave hours.
Portsmouth initially argued that it properly calculated Staten's sick leave pay. However, in its post-hearing brief to the arbitrator, Portsmouth contended that it incorrectly applied Article 17 in a manner that caused it to overpay Staten. Specifically, Portsmouth argued that it should have multiplied the number of sick days Staten accumulated by the number of hours in a typical person's workday, eight, to arrive at the number of sick leave hours that it should have paid Staten.
The arbitrator determined that Portsmouth violated Article 17 of the collective bargaining agreement by dividing Staten's hours in half. The arbitrator further concluded that Staten should receive credit for twenty-four hours for each day of accumulated sick leave. Finally, the arbitrator concluded that Portsmouth should pay Staten for the remainder of his accumulated sick leave hours at the hourly rate of $19.3984, his hourly rate in the year immediately prior to his retirement.
Portsmouth filed an application requesting vacation, correction and modification of the arbitration award in the trial court. The Union filed a counterclaim seeking confirmation of the arbitration award. The trial court, after examining the award and the parties' pleadings, determined that the award was legal and proper, and approved and confirmed the award.
Portsmouth appeals, asserting the following assignments of error:
 The Trial Court erred in finding that the Award of the Arbitrator was in all respects legal and proper.
 The Trial Court erred in not finding that the Arbitrator made an evident material miscalculation of figures and evident material mistakes in the description of persons, things, or properties referred to in the Award.
 The Trial Court erred in not finding that the Arbitrator awarded upon a matter not submitted to him.
 The trial court erred in not finding that the Arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite Award upon the subject matter submitted was not made.
 The Trial Court erred in approving and confirming the Award of the Arbitrator.
 II.
At the outset, we note that Portsmouth failed to argue each of its assignments of error separately as required by App.R. 16(A). Pursuant to App.R. 12(A)(2), we may disregard those errors not argued separately. In its first and fifth assignments of error, Portsmouth contends generally that the trial court should have granted its application. In its second, third, and fourth assignments of error, Portsmouth details its rationale underlying that contention. Accordingly, in the interest of justice, we address each of the issues Portsmouth raised in its assignments of error within the context of reviewing the trial court decision to deny Portsmouth's application and confirm the arbitration award.
A trial court's power to vacate a final, binding arbitration award is limited. As a matter of policy, the courts favor and encourage arbitration, and therefore will make every reasonable indulgence to avoid disturbing an arbitration award. Findlay City School Dist. Bd. of Edn.v. Findlay Edn. Assn. (1990), 49 Ohio St.3d 129, 131. Review of an arbitration award on appeal is further confined by the order issued by the trial court. Sparks v. Barnett (1992), 78 Ohio App.3d 448, 450. We may not disturb a trial court's affirmation of an arbitration award absent evidence of a material mistake or extensive impropriety in the arbitration. Id.
R.C. 2711.10 provides that a trial court shall vacate an arbitrator's award if "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." R.C. 2711.10(D). R.C. 2711.11 provides for the modification or correction of an arbitration award when "[t]here was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award [or] * * * [t]he arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted[.]"
By agreeing to submit their dispute to binding arbitration, the parties "agree to accept the result regardless of its legal or factual accuracy."Cleveland v. Fraternal Order of Police, Lodge No. 8 (1991),76 Ohio App.3d 755, 758. "When a provision in a collective bargaining agreement is subject to more than one reasonable interpretation * * * the arbitrator's interpretation of the contract, and not the interpretation of a reviewing court, governs the rights of the parties thereto." Hillsboro v. Fraternal Order of Police, Ohio Labor Council,Inc. (1990), 52 Ohio St.3d 174, syllabus. As long as the arbitration award "draws its essence from the collective bargaining agreement," and is not contrary to the arbitration agreement, the arbitrator has not overstepped his bounds and the trial court should not vacate or modify the award. Bd. of Trustees of Miami Twp. v.Fraternal Order of Police, Ohio Labor Council, Inc. (1998),81 Ohio St.3d 269, 273.
 A.
Portsmouth first argues that the trial court should have reversed the arbitrator's decision because the arbitrator made material miscalculations or mistakes in calculating the length of a sick day and Staten's rate of compensation for sick days.
Portsmouth asserts that accumulated sick days earned prior to July 1, 1981, should be counted as eight-hour days for purposes of determining compensable hours upon retirement. The arbitrator determined that, under Article 17 of the collective bargaining agreement, a sick day refers to a typical fire fighter's work day, or twenty-four hours.
Portsmouth cites numerous former and current provisions from its collective bargaining agreements with the Union in support of its argument that the proper interpretation of the collective bargaining agreement entitles a retiree to only eight hours pay for each accumulated sick day. However, Portsmouth has not produced evidence that one could not reasonably construe Article 17 to provide for twenty-four hour sick days. In fact, at one time, Portsmouth's own City Auditor construed Article 17 to require payment based upon a twenty-four hour sick day.
Portsmouth also asserts that the proper calculation of Staten's pay rate for accumulated sick leave hours is $15.4235 per hour, not $19.3984 per hour as the arbitrator found. However, Portsmouth concedes that Article 17 of the collective bargaining agreement does not provide the hourly rate to be used in computing the amount to pay for accumulated sick days upon retirement. The hourly rate suggested by Portsmouth appears in the collective bargaining agreement in Appendix A. The hourly rate awarded by the arbitrator appears in the collective bargaining agreement in Article 16, and is equal to Staten's rate of pay immediately prior to retirement. Portsmouth has failed to show that use of the $19.3984 rate is unreasonable.
As in Hillsboro, supra, the collective bargaining agreement provision in question in this case, Article 17, is subject to more than one reasonable interpretation. Therefore, regardless of whether we interpret the collective bargaining agreement as Portsmouth urges, "the arbitrator's interpretation of the contract, and not the interpretation of a reviewing court, governs the rights of the parties thereto."Hillsboro at syllabus. Therefore, we find that the trial court did not err when it refused to disturb the arbitrator's interpretation of the definition of a day and the hourly rate of pay.
 B.
Portsmouth next argues that the trial court should have concluded that the arbitrator imperfectly executed his powers because the arbitrator relied upon three cases that were not dispositive in this case. Specifically, Portsmouth challenges the arbitrator's reliance uponMcHenry v. Portsmouth (July 7, 1984), Scioto App. No. 1463, unreported;Medley v. Portsmouth (Dec. 23, 1996), Scioto App. No. 96CA2426; andAldridge v. Portsmouth (Feb. 26, 1993), Scioto Common Pleas No. 92CI167, unreported, was misplaced. The arbitrator found that "[t]he reasoning in those cases has persuasive if not precedential value." (Emphasis in original.)
Based upon the plain language contained in the arbitration award, the arbitrator did not rely exclusively upon the three cases to determine the award. However, even if the arbitrator did erroneously rely upon the legal rationale contained in those decisions, and even if such reliance was improper, we would find no grounds for vacating or modifying the arbitration award. By agreeing to submit the dispute to binding arbitration, Portsmouth "agree[d] to accept the result regardless of its legal or factual accuracy." Cleveland v. Fraternal Order of Police, LodgeNo. 8, supra, 76 Ohio App.3d at 758. Thus, if the arbitrator erroneously relied upon a legal precedent, that legal error would have no effect upon the validity of the award.
Therefore, we find that the trial court did not err by refusing to vacate or modify the award on the grounds that the arbitrator incorrectly applied legal precedent.
 C.
Portsmouth also asserts that the trial court should have vacated or modified the arbitrator's award because the arbitrator awarded upon a matter not submitted to him and failed to address a material issue. Specifically, Portsmouth contends that the arbitrator erred in considering whether Staten's total accumulated sick leave hours should have been divided by two. Portsmouth argues that the issue before the arbitrator was whether a sick day consists of eight or twenty-four hours, and that the arbitrator completely failed to address that issue.
The stipulated issue that the parties presented to the arbitrator was whether "the City of Portsmouth violate[d] Article 17 of the Collective Bargaining Agreement when it paid [Staten] his severance." Portsmouth paid Staten for sick leave hours equal to the number of sick leave days he had accumulated, multiplied by twenty-four hours, and divided by two. Whether Portsmouth violated Article 17 of the collective bargaining agreement through that action necessarily includes the question of whether Portsmouth properly divided Staten's accumulated sick leave hours by two. Additionally, as Portsmouth contends, the issue requires a determination regarding how many hours are contained in a sick day. However, contrary to Portsmouth's contention, the arbitrator specifically addressed the issue. The arbitrator considered Portsmouth's argument regarding eight hour days, and concluded that Portsmouth must calculate sick leave hours by multiplying the number of days by twenty-four.
Accordingly, we find that the trial court did not err by declining to vacate the award on the grounds that the arbitrator ruled upon a matter not before him or failed to rule upon a material issue.
 D.
Finally, Portsmouth asserts that the trial court should have concluded that the arbitrator exceeded or so imperfectly executed his powers that a mutual, final and definite award was not made. As long as an arbitration award "draws its essence from the collective bargaining agreement," and is not contrary to the arbitration agreement, the arbitrator did not overstep his bounds. Bd. of Trustees of Miami Twp., supra,81 Ohio St.3d at 273. An arbitration award "departs from the essence of a collective bargaining agreement when: (1) the award conflicts with the express terms of the agreement and/or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement." OhioOffice of Collective Bargaining v. Ohio Civ. Serv. Emp. Assn., Local 11,AFSCME, AFL-CIO (1991), 59 Ohio St.3d 177, syllabus.
As we noted above, the dispute in this case involves the interpretation of ambiguous terms contained in Article 17 of the collective bargaining agreement. The interpretation advanced by the Union and adopted by the arbitrator does not conflict with the express terms of the agreement. Additionally, the interpretation was rationally derived from the terms of the agreement. Therefore, we find that the trial court did not err in determining that the arbitrator did not exceed or so imperfectly execute his authority that a mutual, final and definite award was not made.
 III.
The Union contends that Portsmouth filed this appeal in bad faith, and requests that we order Portsmouth to pay the Union's attorney fees in this appeal.
R.C. 2505.35 states in part:
 In an appeal on questions of law, if the final order, judgment, or decree is affirmed, * * * as part of the costs in the case there may be taxed a reasonable fee of not more than two hundred fifty dollars, to be fixed by the appellate court, for the counsel of the appellee.
An award of attorney fees pursuant to R.C. 2505.35 is proper where the appellant fails to demonstrate just cause for the appeal. Society Bank,N.A. v. Cazeault (1993), 83 Ohio App.3d 84, 88.
In this case, because Portsmouth raised a unique argument regarding the interpretation of Article 17 of the collective bargaining agreement, we are unable to conclude that Portsmouth brought this appeal without just cause. Therefore, the Union is not entitled to attorney fees.
 IV.
In conclusion, we find that the trial court properly approved and confirmed the arbitration award. Accordingly, we affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
Exceptions.
For the Court, Roger L. Kline, P.J., Peter B. Abele, J., William H. Harsha, J.