OPINION
Plaintiff-appellant, Ohio Civil Service Employees Association, AFSCME Local 11, AFL-CIO ("OCSEA"), appeals from the August 31, 2000 decision and September 25, 2000 judgment entry denying appellant's motion to vacate an arbitrator's award and granting defendant-appellee, Franklin County Department of Human Services' ("FDHS"), motion to dismiss. For the reasons that follow, we affirm.
OCSEA and FDHS were parties to a collective bargaining agreement effective April 1, 1996 through March 31, 1999. The collective bargaining agreement provided for binding arbitration of disputes arising under the agreement. Barbara Gifford, the grievant, was employed by FDHS as a social worker until her discharge, which became effective October 27, 1998. Ms. Gifford was discharged for allegedly providing false information on her home visit records. Ms. Gifford grieved her discharge under Article 17 of the collective bargaining agreement. She challenged her removal alleging that management had failed to follow procedure mandated by the agreement and had disciplined her without just cause. Her grievance was denied, and the matter eventually proceeded to arbitration.
The arbitrator considered the following issues:
 The question to be resolved is whether the Employer failed to timely address the Grievance; whether it had just cause to terminate the Grievant; and if the finding is no on either issue, what should the remedy be? [Opinion and Award of April 5, 2000, at 2.]
With respect to the procedural issue, Ms. Gifford claimed that she was notified more than ten days after the hearing closed that she was officially removed from her position at FDHS. Thus, under Article 17.03 of the collective bargaining agreement, she claimed that she was entitled to reinstatement, all benefits, back pay, and seniority.
In deciding the issue of timeliness, the arbitrator construed the language of Article 17.03 of the collective bargaining agreement that stated that a disciplinary action must be issued within ten days of the close of the hearing record. That article provides, in pertinent part:
 Any suspension or removal issued against an employee will be void, and the employee restored to his/her status prior to the suspension or removal (including restoration of all benefits, back pay and seniority) if management fails to use the following procedures for taking corrective action:
* * *
 5. The Director or his/her designee will issue a decision within ten (10) days of the close of the hearing record.
The arbitrator first determined that the hearing record closed on October 14, 1998, the date the decision following the pre-termination hearing was issued. The tenth day following that date, was October 24, 1998, which fell on a Saturday. The decision to terminate was not made until October 26, 1998, the following Monday. The arbitrator then stated: "As a result, it must be determined whether the ten (10) day mandate is strict without regard to whether the tenth (10th) day falls on a weekend or holiday." The arbitrator construed the agreement with wide latitude in favor of timeliness in keeping with general principals of labor arbitration that seek to determine the merits of disputes through relatively informal proceedings which favor consideration of all relevant facts and disfavor procedural maneuvering, thus preserving the parties' confidence in the fairness of the proceedings. He stated that it then followed that, if the tenth day fell on a weekend or holiday, those days did not count toward the time calculation. The arbitrator concluded that FDHS had acted timely in issuing the discharge decision. The arbitrator then proceeded to the merits of the grievance. On April 5, 2000, the arbitrator sustained the grievance in part and denied it in part, reinstating Ms. Gifford with full seniority, but denying back pay.
On July 5, 2000, OCSEA filed a motion in the Franklin County Court of Common Pleas to vacate, modify, or correct the arbitration award. In its motion, OCSEA alleged that, in addressing the procedural arbitrability issue raised by OCSEA, the arbitrator erroneously calculated a ten-day period in terms of working days rather than calendar days. Appellant argued that this calculation was inconsistent with the terms of the collective bargaining agreement and, therefore, the decision was without rational support and could not be rationally derived from the agreement. OCSEA also argued that the arbitrator exceeded his authority by deciding an issue that was not specifically submitted to him for review and that his decision failed to draw its essence from the collective bargaining agreement. Attached to OCSEA's motion was a copy of the arbitrator's opinion and award and portions of the collective bargaining agreement.
FDHS filed a memorandum opposing the motion to vacate and also filed a motion to dismiss the case as a result of OCSEA's failure to attach a complete copy of the collective bargaining agreement to its motion. Attached to FDHS' memorandum, was a copy of Joint Exhibit 1 which had been submitted to the arbitrator. Joint Exhibit 1 contained a copy the grievance, as well as memoranda and correspondence related to the grievance and Ms. Gifford's termination. OCSEA responded with a motion for leave to file a complete copy of the collective bargaining agreement.
The court below denied the motion to vacate, finding that OCSEA had failed to show that the arbitrator exceeded his authority and that the decision was not rationally derived from the collective bargaining agreement. The trial court agreed with FDHS that the matter fell within the ambit of case law that precludes judicial review of arbitration awards. This appeal followed.
On appeal, appellant raises the following two assignments of error:
 Assignment of Error I: The Franklin County Common Pleas court erred by granting Appellee's Motion to Dismiss and by dismissing Appellant's Motion to Vacate, Modify, Or Correct Arbitration Award of Arbitrator Michael Paolucci when there was ample, independent evidence to support Appellant's Motion pursuant to O.R.C. 2711.11 and 2711.13 and to withstand a Motion to Dismiss in this matter.
 Assignment of Error II: The Franklin County Common Pleas court erred by denying Appellant's Motion to Vacate, Modify, or Correct Arbitration Award of Arbitrator Michael Paolucci and by finding that Arbitrator Paolucci's decision was rationally derived from the terms of the OCSEA/Franklin County Department of Human Services collective bargaining agreement whereas Arbitrator Paolucci's decision does directly conflict with the express terms of the collective bargaining agreement, the decision is without rational support, and the decision cannot be rationally derived from the terms of the agreement.
In its first assignment of error, OCSEA argues the trial court erred in granting FDHS' motion to dismiss. Although the judgment entry contains language both denying the motion to vacate and granting the motion to dismiss, it is clear that the basis for dismissing the action was that OCSEA had not met its burden of proof that there were grounds to vacate the award. The basis for FDHS' motion to dismiss was OCSEA's failure to attach a complete copy of the collective bargaining agreement to the motion to vacate. It is clear, however, that the court below did not dismiss the action on that basis. See the August 31, 2000 decision denying plaintiff's motion to vacate award.
OCSEA further argues that the trial court erred by not accepting as true OCSEA's assertion that the interpretation of Article 17.03 was not in dispute and not submitted to the arbitrator. Because FDHS filed a motion to dismiss in addition to opposing the motion to vacate, OCSEA has mistaken the standard used in ruling on a motion to dismiss, pursuant to Civ.R. 12(B)(6), for the standard of review for vacation of an arbitration award.
Under the highly deferential standard of review for vacation of an arbitrator's award, the award may be set aside only where: (1) the arbitrator has decided issues which, under the agreement, the parties did not submit for review, State Farm Mut. Ins. Co. v. Blevins (1990),49 Ohio St.3d 165, paragraph one of the syllabus; or (2) the arbitrator's award fails to draw its essence from the collective bargaining agreement. Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn. (1986), 22 Ohio St.3d 80, paragraph one of the syllabus.
In this case, OCSEA brought the motion to vacate and bore the burden of proof on the motion. Nester v. Nester (May 23, 1995), Franklin App. No. 94APF09-1359, unreported. Under this standard, the court below was not required to presume the validity of OCSEA's factual assertions. First, OCSEA presented no evidence to the court below by way of affidavit or otherwise that would tend to show that the issue of the ten-day provision of Article 17.03 was not submitted to the arbitrator.[1] Second, there was no transcript taken in the arbitration by which the court below could verify OCSEA's allegations. Most importantly, the evidence that was before the court below tends to show the exact opposite of what OCSEA had alleged: the issue was brought squarely before the arbitrator, the arbitrator considered the parties' arguments and ultimately ruled against OCSEA on the issue of timeliness.
In summarizing the parties' positions, the arbitrator stated, in pertinent part:
 ** [The Union] contends that the County failed to issue a decision within ten (10) days of the close of the hearing record. Since the hearing was closed on October 6, 1998 (or at the very latest October 14, 1998), and since a decision was not issued until October 26, 1998, then it argues that the mandatory language of the Agreement requires that the Grievant be returned to work with full back pay. Since the Parties did not use the term "working days" in this section as done in Section 17.05, then it contends that regular days must be used. For these reasons, it contends that the Grievant must be placed back to work due to the County's failure to follow the procedural requirements of the Agreement. [Opinion and Award of April 5, 2000 at 22-23.]
We read this summarization of OCSEA's position as having placed the issue of timeliness and, in particular, the construction of the ten-day provision squarely before the arbitrator. Because there was no evidence before the trial court tending to support OCSEA's position that the ambiguity of the ten-day provision was not properly before the arbitrator, and because the evidence in the record tends to show the exact opposite, the argument that the arbitrator decided an issue which the parties did not submit for review is without merit. The first assignment of error is not well-taken and is overruled.
In its second assignment of error, OCSEA argues the trial court should have vacated the arbitrator's award, as it failed to draw its essence from the collective bargaining agreement and that there exists no rational nexus between the award and the collective bargaining agreement.
In support of its argument, OCSEA points to recent contract negotiations in which the language of Article 17.03 was revised. Again, we believe OCSEA has raised matters that are outside the record and cannot be considered by this court in ruling on the appeal. OCSEA also argues that the arbitrator's interpretation of Article 17.03 conflicts with the express terms of Article 17.03 and, therefore, is without rational support.
In simplest terms, it appears that OCSEA is attempting to relitigate an issue that it lost before the arbitrator. By agreeing to submit their dispute to binding arbitration "they agree to accept the result, regardless of its legal or factual accuracy." Cleveland v. Fraternal Order of Police, Lodge No. 8 (1991), 76 Ohio App.3d 755, 758; Portsmouth v. Internatl. Assn. of Fire Fighters, Local 512 (2000),139 Ohio App.3d 621, 627; Nester, supra.
Where a contract provision is susceptible to more than one reasonable interpretation, and the parties agreed to submit their dispute over the interpretation to binding arbitration, it is the arbitrator's interpretation and not a court's interpretation that governs the rights of the parties. Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc. (1990), 52 Ohio St.3d 174, syllabus. Even if the court below or this court had a different interpretation of the contract, it is not the role of the court to overrule the arbitrator's construction of the contract. United Steelworkers of America v. Enterprise Wheel and Car Corp. (1960), 363 U.S. 593, 80 S.Ct. 1358.
The arbitrator's award drew its essence from his construction of the terms of the collective bargaining agreement, and the parties placed that issue before him. Accordingly, the court below did not err in refusing to vacate the award. The second assignment of error is not well-taken and is overruled.
Based on the foregoing, OCSEA's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 _______________ LAZARUS, J.
PETREE, J., concurs.
KENNEDY, J., concurs in judgment only.
[1] OCSEA attached copies of the parties' written closing arguments to its brief before this court; however, these documents were not part of the record before the court below and, as such, we may not consider them here.