{¶ 1} Appellant, the Cuyahoga County Sheriff's Department ("sheriff"), appeals the trial court's order affirming the arbitrator's award and decision, which ruled in favor of appellee, Ohio Patrolmen's Benevolent Association ("union"). The sheriff issued a five-day suspension to corrections officer, Curtis Scruggs ("Scruggs"), for violating Rule 100 of the sheriff's Standard Schedule of Disciplinary Offenses and Penalties for Employees. In particular, the sheriff found that Scruggs abandoned his post and left inmates unsupervised.
 {¶ 2} The union filed its grievance, arguing that Scruggs was not disciplined for just cause when he went to the restroom on his assigned floor and left his post. At the arbitration hearing, the union asserted that Scruggs should have been suspended for a Rule 8 violation, leaving the work area without permission, instead of a Rule 100 violation. The arbitrator agreed with the union, converted the sheriff's charge from a Rule 100 violation to a Rule 8 violation, and reduced Scruggs' suspension to three days.
 {¶ 3} The sheriff appealed the arbitrator's award and decision to the trial court. In the appeal to the trial court, the sheriff argued that the arbitrator exceeded his power, pursuant to R.C. 2711.10(D) and the collective bargaining agreement between the parties, by substituting a Rule 100 violation with a Rule 8 violation. The trial court affirmed the arbitrator's award and decision, finding that the arbitrator did not exceed his power by making the rule substitution and that any objection was waived by the sheriff by failing to raise it at the arbitration. The sheriff now appeals the trial court's ruling.
 {¶ 4} The sheriff's sole assignment of error is that the trial court erred in affirming the arbitrator's award and decision. The sheriff argues that the collective bargaining agreement required a finding of "just cause" for the discipline and did not authorize a rule substitution. However, the sheriff's argument is without merit.
 {¶ 5} This court's review of the trial court's order is limited as follows:
 {¶ 6} "`Appellate review of arbitration proceedings is confined to an evaluation of the order issued by the court of common pleas, pursuant to R.C. Chapter 2711. The substantive merits of the original arbitration award are not reviewable on appeal absent evidence of material mistake or extensive impropriety.'" City of Cleveland v. City and County WastePaper Drivers Union Local No. 244 (Sept. 21, 1995), Cuyahoga App. No. 68471, quoting Lynch v. Halcomb (1984),16 Ohio App.3d 223, 475 N.E.2d 181, paragraph two of the syllabus.
 {¶ 7} The sheriff argues that the arbitrator exceeded his power pursuant to the collective bargaining agreement by substituting a Rule 8 violation for a Rule 100 violation. However, the sheriff fails to cite to any language in the collective bargaining agreement that restricts the arbitrator from determining whether misconduct occurred and the reasonableness of the penalty. Indeed, absent language to the contrary in the collective bargaining agreement, these determinations are precisely within the authority and power of the arbitrator. See Board of Trustees of Miami Township v.Fraternal Order of Police, Ohio Labor Council Inc.,81 Ohio St.3d 269, 272, 1998-Ohio-629, 690 N.E.2d 1262; see, also, Cityof Cleveland v. Fraternal Order of Police, Lodge No. 8,76 Ohio App.3d 755, 758-759, 603 N.E.2d 351.
 {¶ 8} Because the collective bargaining agreement does not limit the arbitrator's power in the manner the sheriff argues, the arbitrator was acting within his power when he found that Scruggs violated Rule 8 — and not Rule 100 — when he left his post without permission to go to the restroom and that the appropriate penalty was to reduce Scruggs' suspension by two days. Where the arbitrator has not exceeded his powers, the arbitration award "should not be vacated or modified, absent any of the other circumstances in R.C. 2711.10 and 2711.11 (such as corruption, fraud, misconduct, partiality, or material mistake)."Board of Trustees of Miami Township, 81 Ohio St.3d at 273. Thus, the trial court did not err in affirming the arbitrator's award, the sheriff's sole assignment of error is overruled, and the trial court's decision is affirmed.[1]
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Kilbane, J., concur.
[1] The union asked this court, pursuant to R.C. 2505.35, to award $250 in attorney fees and $1,000 in damages to it for having to defend the sheriff's appeal. The sheriff's appeal, while lacking merit, is not frivolous or without just cause; therefore, this court declines to award attorney fees and damages to the union. See App.R. 23; Society Bank v. Cazeault (1993),83 Ohio App.3d 84, 88, 613 N.E.2d 1103.